IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:03-cr-10 (WLS) |
| | : | |
| PAUL CONEY JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER

Defendant Paul Coney Jr. moves the Court for a reduction of his sentence based on the retroactive amendments to the Fair Sentencing Act promulgated in the wake of the Fair Sentencing Act of 2010. (Doc. 55.) Specifically, he moves the Court to reduce his sentence under Amendment 750, effective November 1, 2011 and made retroactive, which lowers the base offense levels for particular crack cocaine offenses in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750. However, as the Government notes, and the record reflects, Defendant's sentence was based on the career-offender guideline under U.S.S.G. § 4B1.1, not the applicable crack guideline. Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline. *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (rejecting argument that *Freeman v. United States*, 131 S. Ct. 2685 (2011) undermines binding Eleventh Circuit precedent that holds that career offenders are ineligible for reduction under Amendment 750).

The Eleventh Circuit has held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1320–21 (11th Cir. 2008) (concluding that when a defendant's sentence is based on the guideline ranges

1

applicable to career offenders under § 4B1.1, a defendant's base offense level under § 2D1.1 plays no role in the calculation of these ranges).  When given the opportunity to address the interplay between Amendment 750 and sentences calculated under the § 4B1.1 career-offender guideline, subsequent to *Moore*, the Eleventh Circuit concluded that where a sentencing range is based upon § 4B1.1, Amendment 750, which serves to reduce base offense levels in § 2D1.1, but not in § 4B1.1, does not alter the sentencing range upon which the sentence is based, and thus, § 3582(c)(2) does not authorize a reduction in sentence.  *Lawson*, 686 F.3d at 1321.  Accordingly, Defendant's sentence was not affected by Amendment 750 because he was sentenced as a career offender; thus, the original sentence imposed remains accurate.

None of Defendant's arguments to the contrary are persuasive. Even if *United States v. Savani*, 733 F.3d 56 (3d Cir. 2013), applied to the situation here, Defendant would still not be entitled to relief because that decision is in conflict with binding precedent from this Circuit. 733 F.3d at 66 n.6 (noting disagreement with Eleventh Circuit's decision in *United States v. Glover*, 686 F.3d 1203 (11th Cir. 2012)). Moreover, to the extent Defendant seeks to argue in his reply brief that he did not receive a reduction for substantial assistance, this argument lacks merit. Defendant cannot backdoor a claim about the legality of his sentence through the reply brief on a motion under § 3582(c).

Defendant's motion is therefore **DENIED**.

**SO ORDERED**, this    17th    day of December, 2013

   /s/ W. Louis Sands    
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

2