IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:03-cr-10 (WLS) |
| | : | |
| PAUL CONEY JR., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

  Defendant Paul Coney Jr. moves the Court for a reduction of his sentence based on the retroactive amendments to the Fair Sentencing Act promulgated in the wake of the Fair Sentencing Act of 2010. (Doc. 74.) Specifically, he moves the Court to reduce his sentence under Amendment 750, effective November 1, 2011 and made retroactive, which lowers the base offense levels for particular crack cocaine offenses in U.S.S.G. § 2D1.1(c), and Amendment 706, effective November 1, 2007, which also allows a defendant to seek a reduction in his sentence if that sentence was based on the § 2D1.1 offense level for crack cocaine offenses. *See* U.S.S.G. App. C, Amends. 706, 750.

  However, as the record reflects and as this Court has already found in response to Defendant's prior motions for sentence reductions, Defendant's sentence was based on the career-offender guideline under U.S.S.G. § 4B1.1, not the applicable crack guideline. This Court has already held that neither Amendment 706 or 750 made any changes to § 4B1.1, the career-offender guideline, and therefore provide no grounds upon which to base a sentence reduction in Defendant's case. (Docs. 42, 72.) *See United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008); *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (rejecting argument that *Freeman v. United States*, 131 S. Ct. 2685 (2011) undermines binding Eleventh Circuit precedent that holds that career offenders are ineligible for reduction under Amendment 750).

Defendant also apparently seeks a reduction in light of the United States Sentencing Commission's Section 1B1.10 Policy Statement in the 2011 Federal Sentencing Guidelines Manual. Defendant interprets this policy statement to mean that defendants who "received reductions due to substantial assistance to the Government are now eligible to receive the benefit from the reductions that are made available through Amendments 706 [and] 750." (Doc. 74 at 1.) Section 1B1.10, however, addresses how sentencing courts should determine a term of imprisonment in light of a sentence reduction pursuant to, e.g., Amendments 706 or 750 where the defendant has also received a reduction for substantial assistance. Again, this Court has already found that Defendant is not eligible for a sentence reduction under Amendments 706 and 750. (Docs. 42, 72.) Therefore, Section 1B1.10 is not applicable to Defendant's case.

Defendant's Motion (Doc. 74) is therefore **DENIED**.

**SO ORDERED**, this 3rd day of October, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**